**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CHARLES RAYMOND MILES** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:26-CV-184-JHM**

**MEGHAN ALDERSON** **DEFENDANT**

# MEMORANDUM OPINION

Plaintiff Charles Raymond Miles, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the following reasons, this action will be dismissed.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff, a pretrial detainee confined at the Louisville Metro Department of Corrections, names Public Defender Meghan Alderson as the sole Defendant in this action. He does not specify whether Defendant Alderson is being sued in her individual or official capacity.

Plaintiff alleges that Defendant, his court-appointed attorney, is not representing him "to the best of her ability." Specifically, Plaintiff claims that Defendant did not file certain motions upon his request, did not speak to him about his case outside of court, would not provide him copies of discovery material, and wants him to "take a plea . . . to do time." Plaintiff states that he feels that counsel is "trying to railroad" him.

As relief, Plaintiff seeks monetary damages, injunctive relief in the form of "H.I.P. to treatment,"[1] and unspecified compensation for "loss [of] my job and car, home."

[1] The Court understands "H.I.P." to refer to Kentucky's Home Incarceration Program.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A

claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff alleges that he is dissatisfied with Defendant's representation in connection with his state criminal proceedings. It is well-settled that a defense attorney, regardless of whether she is a public defender or a private attorney, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, Plaintiff's claim against Defendant arising out of her role as his public defender must be dismissed for failure to state a claim upon which relief may be granted.

Additionally, sovereign immunity bars any official capacity claim against Defendant for damages. "[O]fficial-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Defendant is presumably employed by the Kentucky Department of Public Advocacy (DPA), an agency of the state. *See* Ky. Rev. Stat. § 31.010; *Lewis v. Arnette*, No. 2:21-cv-116, 2022 WL 413931, at *2 (E.D. Ky. Feb. 10, 2022) ("[T]he Kentucky Department of Public Advocacy is a state agency for Eleventh Amendment purposes."); *Jacobi v. Holbert*, 553 S.W.3d 246, 254 (Ky. 2018) ("[T]he DPA is a state agency."). It is well-established that "the Eleventh Amendment bars a damages

action against a State in federal court" and "this bar remains in effect when State officials are sued for damages in their official capacity." *Graham*, 473 U.S. at 169.

Moreover, to the extent that Plaintiff asserts that his counsel is constitutionally ineffective, such a claim would call into question the validity of his conviction. *See, e.g.*, *Reese v. Gorcyca*, 55 F. App'x 348, 349 (6th Cir. 2003) (judgment in plaintiff's favor on ineffective assistance of counsel claim would necessarily imply the invalidity of any conviction or sentence that might result from pending charges). It is thus subject to the bar articulated in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), under which a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Plaintiff does not allege that such favorable termination has occurred, therefore his claim is not properly brought under § 1983. *See Reese*, 55 F. App'x at 349 (plaintiff "can bring a § 1983 claim only if the charges against him are dismissed, or if he is convicted and has the conviction set aside"). Instead, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983." *Heck*, 512 U.S. at 481 (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

Finally, Plaintiff's request for release to home incarceration is not an available remedy under § 1983. *See id.; see also Preiser*, 411 U.S. at 500 ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Accordingly, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: September 3, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.015